JUDGE KARAS UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF NEW YORK and COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF CLARKSTOWN, NEW YORK; ALLIED WASTE NORTH AMERICA, INC. FOR ITSELF AND ITS SUBSIDIARIES, INCLUDING, WITHOUT LIMITATION, AMERICAN DISPOSAL SERVICES OF NEW JERSEY, INC. AND BFI WASTE SYSTEMS OF NEW JERSEY, INC., AND INSOFAR AS IT AND ITS SUBSIDIARIES ARE ALLEGED TO BE A SUCCESSOR TO VINCENT IPPOLITO, INC. AND ROUND LAKE SANITATION CORP.; AMERTAC; AVERY DENNISON CORP.; BARR LABORATORIES, INC.; BECTON DICKINSON AND COMPANY.; BOROUGH OF RINGWOOD, NEW JERSEY; CHROMALLOY NEW YORK, DIV. OF CHROMALLOY GAS TURBINE CORP.; CLARKSTOWN CENTRAL SCHOOL DISTRICT; CONSOLIDATED RAIL CORP.; COSCO INDUSTRIES INC.; COUNTY ASPHALT, INC.; COUNTY OF ROCKLAND HIGHWAY DEPT.; EVONIK DEGUSSA CORPORATION AS SUCCESSOR TO DYNAMIT NOBEL OF AMERICA; FISHER SCIENTIFIC CO.; FORD MOTOR CO.; GANNETT SATELLITE INFORMATION NETWORK, INC., D/B/A THE JOURNAL NEWS; HOLT CONSTRUCTION CORP.; INNOVATIVE PLASTICS CORP.; INTERNATIONAL PAPER CO.; J. FLETCHER CREAMER & SON, INC.; METAL IMPROVEMENT CO., LLC (F/K/A METAL IMPROVEMENT CO., INC.); MOMENTIVE SPECIALTY | 11 CV 0293<br><br>KK – EFC CASE<br><br>CIVIL ACTION NO. _____<br><br>RECEIVED<br>JAN 14 2011<br>U.S.D.C. S.D. N.Y.<br>COMPLETED |

CHEMICALS, INC. (F/K/A BORDEN CHEMICAL, INC.); NANUET UNION FREE SCHOOL DISTRICT; NESTLE WATERS NORTH AMERICA INC.; NOVARTIS CORP.; NYACK HOSPITAL; NYACK UNION FREE SCHOOL DISTRICT; ORANGE AND ROCKLAND UTILITIES, INC.; PEARL RIVER SCHOOL DISTRICT; PLASTI-CLAD METAL PRODUCTS, INC.; PATHMARK STORES, INC.; PEARSON EDUCATION, INC. (F/K/A PRENTICE HALL, INC.); PFIZER INC. FOR ITSELF AND ITS SUBSIDIARIES INCLUDING, WITHOUT LIMITATION, WYETH HOLDINGS CORPORATION ACTING THROUGH WYETH PHARMACEUTICALS (LEDERLE LABORATORIES); PULSAFEEDER, INC.; RAMAPO CENTRAL SCHOOL DISTRICT; ROCKLAND COUNTY SEWER DISTRICT NO. 1; SANITARY WASTE CARRIERS, INC.; SEARS, ROEBUCK AND CO.; SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT; SUBURBAN CARTING CORP.; THALLE CONSTRUCTION CO.; TOWN OF GREENBURGH, NEW YORK; TOWN OF ORANGETOWN, NEW YORK; UNEEDA ENTERPRIZES, INC.; UNITED WATER NEW JERSEY INC.; UNITED WATER NEW YORK INC.; VALE INCO AMERICAS INC.; VERIZON NEW YORK INC.; VILLAGE OF ARDSLEY, NEW YORK; VILLAGE OF DOBBS FERRY, NEW YORK; VILLAGE OF ELMSFORD, NEW YORK; VILLAGE OF HASTINGS-ON-HUDSON, NEW YORK; VILLAGE OF IRVINGTON, NEW YORK; VILLAGE OF PIERMONT, NEW YORK; VOLKSWAGEN GROUP OF AMERICA, INC.; WASTE MANAGEMENT OF NEW YORK, LLC AND MARANGI BROS., INC.; AND WIKOFF COLOR CORP.,

**Defendants.**

# COMPLAINT

## NATURE OF THE ACTION

1. The State of New York, the Commissioner of the New York State Department of Environmental Conservation ("NYSDEC"), and the Commissioner of NYSDEC as Trustee of its Natural Resources (collectively referred to as the "State"), by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, bring this civil action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), as amended, and the common law. The State asserts, on information and belief, that as a result of the disposal of the combination of municipal solid waste, commercial waste and industrial waste, there has been a release and/or threat of release of hazardous substances from a facility known as the Clarkstown Town Landfill Site located in the Hamlet of West Nyack in the Town of Clarkstown, County of Rockland, State of New York, which facility is listed in the New York State Registry of Inactive Hazardous Waste Disposal Sites under Site Code No. 344001 (the "Site"). These hazardous substances have contaminated the soil and groundwater at and in the vicinity of the Site and have threatened the public health and the environment. Defendants owned or operated the Site and/or generated and/or transported hazardous substances that were disposed of at the Site. This action seeks (a) recovery of over $20 million in past and future response costs incurred by the State in response to the release and threatened release of hazardous substances into the environment at and from the Site, and (b) a declaration of each Defendant's liability for future response costs, natural resource damages, enforcement costs and interest, and oversight costs that the State has incurred and may incur.

## JURISDICTION AND VENUE

2. This Court has exclusive jurisdiction over the First Claim for Relief, which arises

under the laws of the United States, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201 and 42 U.S.C. §§ 9607 and 9613. The Court has supplemental jurisdiction, under 28 U.S.C. § 1367, for the remaining Claims for Relief, which are based upon New York statutes and common law and arise out of a common nucleus of operative facts shared with the First Claim for Relief. The Court also has jurisdiction to enter a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, as well as 42 U.S.C. § 9613.

3. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because the threatened and actual releases of hazardous substances that give rise to this action occurred and/or are occurring in this District and the Site is located in this District.

## THE PARTIES

4. Plaintiff State of New York, as a body politic and a sovereign entity, brings this action on behalf of itself and as *parens patriae*, trustee, guardian, and representative on behalf of all residents and citizens of New York, particularly those individuals who live in the vicinity of the Site and Rockland County, New York.

5. Plaintiff Commissioner of NYSDEC, and the Commissioner of NYSDEC as Trustee of New York State's natural resources pursuant to CERCLA, 42 U.S.C. § 9607(f)(2)(b) and applicable New York statutory and common law, brings this action to recover damages for injury to, or loss of the State's natural resources.

6. Defendant Town of Clarkstown ("Town") owned and operated the Site from approximately the 1950s through 1990 and there was a release or releases of hazardous substances at or from the Site during the time the Town owned and/or operated the Site.

7. Each of the remaining Defendants generated wastes which contained hazardous substances, each arranged for the disposal of wastes containing hazardous substances, and wastes

containing hazardous substances generated by each were disposed at the Site; and/or each of the remaining Defendants transported wastes, which materials contained hazardous substances, each selected the Site for disposal of such wastes, and each disposed of those hazardous substances at the Site.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. The Site was an operating municipal landfill from the 1950s through 1990 which received a combination of municipal solid waste, commercial waste and industrial waste.

9. Pursuant to Environmental Conservation Law ("ECL") § 27-1305, the Site was listed on the State's Registry of Inactive Hazardous Waste Disposal Sites based on the release of hazardous substances at and from the Site.

10. The Town and NYSDEC entered into a Consent Order that required the Town to undertake the remedial actions required by the Record of Decision ("ROD") for the Site.

11. NYSDEC and the Town entered into a State Assistance Contract ("SAC") (No. C300058) pursuant to the Environmental Quality Bond Act of 1986, whereby the State agreed to reimburse the Town for 75% of the eligible costs for investigation, remedial design, and construction of the remedial action and construction oversight to be incurred by the Town at the Site.

12. The Town implemented response measures at the Site to remedy the alleged release and/or threatened release of hazardous substances into the environment, and incurred response costs which have been reimbursed by the State, including, but not limited to, costs of investigation, removal, remedial activity, and operation and maintenance, as those terms are defined or used in Sections 101(23), 101(24), 101(25), 107(a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C.

§§ 9601(23), 9601(24), 9601(25), 9607(a) and 9613, in relation to the Site.

13. The State has reimbursed the Town for approximately 75% of the costs that it incurred, and, in doing so, has incurred approximately $20 million in response costs related to the Site, including interest and enforcement costs.

14. The State has incurred additional response costs at the Site.

## FIRST CLAIM FOR RELIEF
## CERCLA

15. The Site is a "facility" under CERCLA, 42 U.S.C. § 9601(9).

16. Among the chemicals that were released and that are threatened to be released into the environment from the Site are hazardous substances consistent with the combination of municipal solid waste, commercial waste and industrial waste disposed of at the Site, which hazardous substances contaminated the environment, including soils, surface waters, and groundwater, within the meaning of CERCLA, 42 U.S.C. §§ 9601(8), 9601(14) and 9601(22).

17. The release and threatened release of hazardous substances have caused the State to incur and reimburse the Town for response costs, and to continue incurring response costs, within the meaning of CERCLA, 42 U.S.C. § 9601(25), including costs to assess, monitor, evaluate, oversee and conduct remedial and removal actions in response to the release and threatened release of hazardous substances.

18. The response costs mentioned above are costs of removal or remedial action within the meaning of CERCLA, 42 U.S.C. §§ 9601(23), (24), (25), (31) and 42 U.S.C. § 9607(a). The State is entitled to recover all such response costs from responsible persons as they were incurred for removal and remedial actions are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. Part 300.

19. Pursuant to CERCLA, 42 U.S.C. § 9607(a), Defendants are liable as owners or

operators at the time of disposal; and/or as current owners or operators; and/or as transporters of hazardous substances who selected the Site for the disposal of these hazardous substances, and who did dispose of these hazardous substances at the Site; and/or as arrangers or generators of materials containing hazardous substances, which materials were disposed at the Site.

20. Each Defendant is strictly, jointly and severally liable to the State for past response costs incurred by the State in response to the release or threatened release at and from the Site.

21. Pursuant to CERCLA, 42 U.S.C. §§ 9607 and 9613, each Defendant is strictly, jointly and severally liable for future response costs to be incurred by the State as a result of the release or threatened release of hazardous substances at and from the Site.

22. The release of hazardous substances into the environment has caused injury to, destruction of and/or loss of the natural resources of the State within the meaning of CERCLA, 42 U.S.C. § 9607.

23. Pursuant to CERCLA, 42 U.S.C. §§ 9607 and 9613, each Defendant is strictly, jointly and severally liable for any natural resource damages.

### SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT AND RESTITUTION

24. At times relevant hereto, Defendants had and continue to have a duty and obligation to the public to investigate the scope of and abate completely and permanently the contamination described herein, and to alleviate the harm and risk of harm resulting from the contamination.

25. Defendants have failed to perform their duties and obligations in such circumstances.

26. The State has the duty and obligation to protect the public health and the

environment and to remediate Inactive Hazardous Waste Disposal Sites pursuant to ECL §§ 3-0301, 27-1301 *et seq.*, and other environmental and public health laws of the State.

27. Because of Defendants' failure to perform their duties and obligations, the State has had to investigate the scope of and abate the chemical contamination at and near the Site at the State's expense.

28. In taking the action and incurring the expenses set forth herein, the State has performed duties and obligations owed by Defendants.

29. The actions taken and expenses incurred by the State were necessary to ensure the health, safety and well-being of the public and the environment of the State.

30. Defendants have been unjustly enriched by the State's performance of these duties and obligations owed by Defendants.

31. The State is entitled to restitution from Defendants for the expenses the State incurred in performing Defendants' duties and obligations.

32. The State has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### INDEMNIFICATION

33. Defendants are liable to the State for the costs of investigating and remediating the Site, pursuant to CERCLA and the common law of public nuisance and restitution.

34. By reason of the State's payments for the costs of investigation and remediation of the Site, the State obtained by operation of law an implied right to indemnification against the Defendants, and each of them, in the amount of such payments.

35. As a result, the State is entitled to judgment against the Defendants, and each of them, for all costs which the State has incurred or will incur at the Site.

## FOURTH CLAIM FOR RELIEF
## PUBLIC NUISANCE

36. The release of hazardous substances from the Site and their presence in the environment, including groundwater, at and in the vicinity of the Site constitute a continuing public nuisance.

37. Defendants participated in the creation of this continuing public nuisance at and in the vicinity of the Site.

38. The State incurred costs to abate the public nuisance at this Site.

39. Defendants are liable to the State under the common law of public nuisance and the New York Real Property and Proceedings Law, Section 841, for all costs, damages, and expenses arising from the State's abatement of this public nuisance.

## PRAYER FOR RELIEF

WHEREFORE, the State requests judgment in its favor and against each Defendant upon each claim and, further, requests that this Honorable Court enter judgment against each Defendant:

1. Declaring each Defendant to be strictly, and jointly and severally, liable to the State under CERCLA for, and awarding to the State, all costs and expenses, including interest, attorneys' fees and other costs of enforcement, incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, and damages to the State's natural resources.

2. Declaring each Defendant to be strictly, and jointly and severally, liable to the State under CERCLA for all future response costs and expenses, including interest, attorneys' fees and other costs of enforcement, to be incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, and future damages to the State's

natural resources.

3. Declaring each Defendant strictly, and jointly and severally, liable to the State for each Defendant's unjust enrichment as a result of the State's actions; awarding the State restitution for its costs incurred at the Site; and, declaring each Defendant to be strictly, and jointly and severally liable to the State for all future costs and expenses, including interest, attorneys' fees and other costs of enforcement to be incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, and future damages to the State's natural resources.

4. Declaring each Defendant strictly, and jointly and severally, liable to the State for the costs of abating the public nuisance at and about the Site; awarding the State restitution of its costs incurred at the Site, and declaring each Defendant to be strictly, and jointly and severally liable to the State for all future costs and expenses, including interest, attorneys' fees and other costs of enforcement to be incurred by the State in responding to the release or threat of release of hazardous substances at or from the Site, for abatement of the public nuisance, and future damages to the State's natural resources.

5. Ordering such other and further relief, in law or in equity, as the Court deems just and proper.

Dated: New York, New York
January 14, 2011

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Plaintiffs

By: _____
Todd D. Ommen
Assistant Attorney General

Environmental Protection Bureau
120 Broadway
New York, NY 10271
(212) 416-8482