UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF NEW YORK AND PETER M. IWANOWICZ, AS ACTING COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,<br><br>               Plaintiffs,<br>        v.<br><br>TOWN OF CLARKSTOWN, NEW YORK; ALLIED WASTE NORTH AMERICA, INC. FOR ITSELF AND ITS SUBSIDIARIES, INCLUDING, WITHOUT LIMITATION, AMERICAN DISPOSAL SERVICES OF NEW JERSEY, INC. AND BFI WASTE SYSTEMS OF NEW JERSEY, INC., AND INSOFAR AS IT AND ITS SUBSIDIARIES ARE ALLEGED TO BE A SUCCESSOR TO VINCENT IPPOLITO, INC. AND ROUND LAKE SANITATION CORP.; AMERTAC; AVERY DENNISON CORP.; BARR LABORATORIES, INC.; BECTON DICKINSON AND COMPANY; BOROUGH OF RINGWOOD, NEW JERSEY; CHROMALLOY NEW YORK, DIV. OF CHROMALLOY GAS TURBINE CORP.; CLARKSTOWN CENTRAL SCHOOL DISTRICT; CONSOLIDATED RAIL CORP.; COSCO INDUSTRIES INC.; COUNTY ASPHALT, INC.; COUNTY OF ROCKLAND HIGHWAY DEPT.; EVONIK DEGUSSA CORPORATION AS SUCCESSOR TO DYNAMIT NOBEL OF AMERICA; FISHER SCIENTIFIC CO.; FORD MOTOR CO.; GANNETT SATELLITE INFORMATION NETWORK, INC., D/B/A THE JOURNAL NEWS; HOLT CONSTRUCTION CORP.; INNOVATIVE PLASTICS CORP.; INTERNATIONAL PAPER CO.; J. FLETCHER CREAMER & SON, INC.; MARTIN MARIETTA MATERIALS, INC.; METAL IMPROVEMENT CO., LLC | CIVIL NO. 11-CV-0293 (KMK) |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

(F/K/A METAL IMPROVEMENT CO.,
INC.); MOMENTIVE SPECIALTY
CHEMICALS, INC. (F/K/A BORDEN
CHEMICAL, INC.); NANUET UNION
FREE SCHOOL DISTRICT; NESTLE
WATERS NORTH AMERICA INC.;
NOVARTIS CORP.; NYACK HOSPITAL;
NYACK UNION FREE SCHOOL
DISTRICT; ORANGE AND ROCKLAND
UTILITIES, INC.; PEARL RIVER
SCHOOL DISTRICT; PLASTI-CLAD
METAL PRODUCTS, INC.; PEARSON
EDUCATION, INC. (F/K/A PRENTICE
HALL, INC.); PFIZER INC. FOR ITSELF
AND ITS SUBSIDIARIES INCLUDING,
WITHOUT LIMITATION, WYETH
HOLDINGS CORPORATION ACTING
THROUGH WYETH
PHARMACEUTICALS (LEDERLE
LABORATORIES); PULSAFEEDER,
INC.; RAMAPO CENTRAL SCHOOL
DISTRICT; ROCKLAND COUNTY
SEWER DISTRICT NO. 1; SANITARY
WASTE CARRIERS, INC.; SEARS,
ROEBUCK AND CO.; SOUTH
ORANGETOWN CENTRAL SCHOOL
DISTRICT; SUBURBAN CARTING
CORP.; THALLE CONSTRUCTION CO.;
TOWN OF GREENBURGH, NEW YORK;
TOWN OF ORANGETOWN, NEW
YORK; UNEEDA ENTERPRIZES, INC.;
UNITED WATER NEW JERSEY INC.;
UNITED WATER NEW YORK INC.;
VALE INCO AMERICAS INC.; VERIZON
NEW YORK INC.; VILLAGE OF
ARDSLEY, NEW YORK; VILLAGE OF
DOBBS FERRY, NEW YORK; VILLAGE
OF ELMSFORD, NEW YORK; VILLAGE
OF HASTINGS-ON-HUDSON, NEW
YORK; VILLAGE OF IRVINGTON, NEW
YORK; VOLKSWAGEN GROUP OF
AMERICA, INC.; WASTE
MANAGEMENT OF NEW YORK, LLC
AND MARANGI BROS., INC.; AND
WIKOFF COLOR CORP.,

| Defendants. | |
|---|---|

## CONSENT DECREE

Plaintiffs State of New York and Peter M. Iwanowicz, as Acting Commissioner of the New York State Department of Environmental Conservation ("NYSDEC") and as Trustee of the State's natural resources (collectively referred to as the "State"), the Town of Clarkstown, New York ("Town"), and Settling Defendants (as hereinafter defined) hereby agree as follows:

WHEREAS, the State alleges that the Defendants listed in Appendices A and B or their predecessors (hereinafter "Settling Defendants" as defined more fully in Paragraph 2 of this Decree) either arranged for the disposal of hazardous substances at, or transported hazardous substances to the Clarkstown Landfill ("Site") located in the Hamlet of West Nyack in the Town of Clarkstown, County of Rockland, State of New York (the State, the Town, and the Settling Defendants shall be referred to as the "Parties");

WHEREAS, the Settling Defendants do not admit or deny the State's allegations;

WHEREAS, the Town operated a municipal landfill on the Site from the 1950s to December 31, 1990, and allegedly received a combination of municipal solid waste, commercial waste and industrial waste at the Site;

WHEREAS, pursuant to Environmental Conservation Law ("ECL") § 27-1305, the Site is listed in the New York State Registry of Inactive Hazardous Waste Disposal Sites under Site Code No. 3440001;

WHEREAS, the Town and NYSDEC entered into a Consent Order that required the Town to undertake the remedial actions required by the Record of Decision ("ROD") for the Site;

WHEREAS, NYSDEC and the Town entered into a State Assistance Contract (No. C300058) pursuant to the Environmental Quality Bond Act of 1986, whereby the State agreed to reimburse the Town for 75% of the eligible costs for investigation, remedial design, and

3

construction of the remedial action and construction oversight to be incurred by the Town at the Site;

WHEREAS, NYSDEC has made reimbursements to the Town pursuant to such agreement in an amount in excess of $20 million and the State alleges that it has incurred other response costs, including interest and enforcement costs at the Site;

WHEREAS, the Town implemented response measures at the Site to remedy the alleged release and/or threatened release of hazardous substances into the environment, and incurred response costs, including, but not limited to, costs of investigation, removal, remedial activity, and operation and maintenance, as those terms are defined or used in Sections 101(23), 101(24), 101(25), 107(a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601(23), 9601(24), 9601(25), 9607(a) and 9613, in relation to the Site;

WHEREAS, the Town alleges that it has incurred costs for response measures that have not been reimbursed by the State;

WHEREAS, the Clarkstown Landfill Joint Defense Group ("Clarkstown Landfill JDG"), consisting of Settling Defendants Barr Laboratories, Inc.; Becton Dickinson and Company; Allied Waste North America, Inc. for itself and its subsidiaries, including, without limitation, American Disposal Services of New Jersey, Inc. and BFI Waste Systems of New Jersey, Inc., and insofar as it and its subsidiaries are alleged to be a successor to Vincent Ippolito, Inc. and Round Lake Sanitation Corp.; Chromalloy New York, Division of Chromalloy Gas Turbine Corporation; Clarkstown Central School District; Consolidated Rail Corporation; County Asphalt, Inc.; Evonik Degussa Corporation as successor to Dynamit Nobel of America; Fisher Scientific Company L.L.C.; Ford Motor Company; International Paper Company; Gannett

4

Satellite Information Network, Inc., d/b/a The Journal News; Metal Improvement Company, LLC (formerly known as Metal Improvement Company, Inc.); Momentive Specialty Chemicals, Inc. (f/k/a Borden Chemical, Inc.); Nyack Hospital; Orange and Rockland Utilities, Inc.; Pearson Education, Inc. (f/k/a Prentice Hall, Inc.); Pfizer Inc. for itself and its subsidiaries including, without limitation, Wyeth Holdings Corporation acting through Wyeth Pharmaceuticals (Lederle Laboratories); Rockland County Sewer District No. 1; County of Rockland Highway Department; Sanitary Waste Carriers, Inc.; Suburban Carting Corp.; Town of Orangetown, New York; United Water New York Inc.; United Water New Jersey Inc.; Waste Management of New York, LLC and Marangi Bros., Inc.; and Wikoff Color Corporation, have entered into separate agreements among themselves and all other Settling Defendants for the payment of Site response costs and other consideration;

WHEREAS, the State has commenced this action in the United States District Court for the Southern District of New York to settle claims for response costs at the Site;

WHEREAS, the Settling Defendants wish to resolve, and the State and Town agree to release all Settling Defendants from, any liability under CERCLA, the ECL, and common law for the response costs at the Site and for any and all liability relating to the Site, subject to the conditions set forth below, and the State and Town wish to resolve, and the Settling Defendants agree to release the State and Town from, any liability under CERCLA, the ECL, and common law for response costs at the Site and for any and all liability relating to the Site, subject to the conditions set forth below.

WHEREAS, the Parties have agreed to the provisions of the Consent Decree ("Decree");

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**<u>JURISDICTION</u>**

5

1.     This Court has jurisdiction over the subject matter and the Parties to this action pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 9613(b).

## PARTIES BOUND

2.     This Decree shall apply to and be binding upon the State, the Town, and each of the Settling Defendants, their affiliates, subsidiaries, related entities, predecessors, successors and assigns, and any other entities under common control with Settling Defendants within the meaning of Rule 405 of the Securities Act of 1933, as amended, or their past, present and future employees, officers and directors (all hereinafter "Settling Defendants"). Each signatory to this Decree represents that she or he is fully authorized to enter into the terms and conditions of this Decree and to bind the party represented by her or him. Any change in governance, ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such Settling Defendant's rights or responsibilities under this Decree.

## NO ADMISSION OR ACKNOWLEDGEMENT

3.     Neither this Decree, nor any terms hereof, nor the entry into this Decree, nor performance of the terms hereof by any of the Settling Defendants or the Town shall constitute or be construed as an admission, acknowledgment or denial by any of the Settling Defendants or the Town of the factual or legal assertions contained in the Complaint or this Decree, and the Settling Defendants and the Town retain the right to controvert in any subsequent proceedings, other than proceedings for the purpose of implementing or enforcing this Decree, the validity of the facts, allegations or determinations contained in this Decree. Neither this Decree, nor any terms hereof, nor the entry into this Decree, nor performance of the terms hereof by any of the Settling Defendants or the Town shall constitute or be construed as an admission, acknowledgment or

6

denial by any of the Settling Defendants or the Town of any liability, responsibility or fault with respect to the conditions at or arising from past or future conditions, activities or operations at the Site, or as an admission of violation of any law, by any Settling Defendant or the Town. Settling Defendants agree not to take any action or to make or permit to be made any public statement contradicting this Decree or any of its provisions. Nothing in this paragraph affects Settling Defendants': (a) testimonial obligations; or (b) right to take legal or factual positions in litigation or other legal proceedings to which the Attorney General is not a party.

## PAYMENTS

4.      Within sixty (60) business days of the date on which the State sends the Settling Defendants notice of the Effective Date of this Decree (as provided in Paragraph 14 of this Decree) (the "First Payment Date"), the Clarkstown Landfill JDG (on behalf of its individual members and all other Settling Defendants at that point in time) shall remit to the State the amount of $1,500,000 in accordance with Paragraph 15 of this Decree. Within one (1) calendar year of the First Payment Date, the Clarkstown Landfill JDG (on behalf of its individual members and all other Settling Defendants at that point in time) shall remit to the State the amount of $1,250,000, in accordance with Paragraph 15 of this Decree. Within two (2) calendar years of the First Payment Date, the Clarkstown Landfill JDG (on behalf of its individual members and all other Settling Defendants at that point in time) shall remit to the State the amount of $1,250,000, in accordance with Paragraph 15 of this Decree. The total of these three payments ($4,000,000) shall constitute the total monetary contribution to be made by the Settling Defendants in full settlement of this matter.

## COVENANT NOT TO SUE

5.      Subject to the Reopener provision in Paragraph 8 and the Reservation of Rights

provision in Paragraph 9 of this Decree, the State and the Town covenant not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law (other than an action to enforce this Decree) against each of the Clarkstown Landfill JDG members and of the Settling Defendants that makes its required payment to the Clarkstown Landfill JDG, for any matter arising out of or relating to the Matters Addressed by this Decree (as specified in Paragraph 9 of this Decree), including, without limitation, any claims or causes of action for costs, damages, enforcement costs, interest, contribution or attorneys' fees. This Covenant Not to Sue takes effect as to all Settling Defendants upon the Effective Date of the Decree. This Covenant Not to Sue shall not preclude an action by the State against the Clarkstown Landfill JDG to the extent that payments required to be made pursuant to Paragraph 4 of this Consent Decree are not timely made by the Clarkstown Landfill JDG.

6.     Each Settling Defendant agrees not to assert any claims or causes of action under any federal, state, local or common law against the State, or its employees, agencies or departments, or against the Town, or its employees, agencies, or departments, or against any other Settling Defendant or to seek against the State or the Town or other Settling Defendants, or any of them, any costs, damages, contribution or attorneys' fees arising out of any Matters Addressed by this Decree (as specified in Paragraph 9 of this Decree); provided, however, that if the State, pursuant to the Reopener provision in Paragraph 8 of this Decree, asserts a claim or commences or continues a cause of action against a Settling Defendant with respect to the Site, other than to enforce the obligations contained in this Decree, this Paragraph 6 shall not preclude the assertion by such Settling Defendant of any claims, counterclaims, defenses, or other causes of action against the State or the Town or any other Settling Defendant, but only to the same extent and for the same matters, transactions, or occurrences as are raised in the claims or causes of action of the

8

State or the Town or any other Settling Defendant. Notwithstanding the foregoing, any Settling Defendant may assert any claims or causes of action against any person other than the State, the Town or another Settling Defendant, to the extent permitted by law, for any costs, damages, contribution or attorneys' fees, arising out of any Matters Addressed by this Decree (as specified in Paragraph 9 of this Decree).  For purposes of this Consent Decree, the definition of "State" does not include the various State of New York entities, departments or counties who contributed waste materials to the Site and have not settled with the State or the Clarkstown Landfill JDG. Likewise, for purposes of this Consent Decree, the definition of "Town" does not include the various villages, hamlets or other municipal entities located within the Town of Clarkstown who contributed waste materials to the Site, and have not settled with the State or the Clarkstown Landfill JDG.  Nothing in this Decree shall affect the rights or defenses available to any Settling Defendant pursuant to any contract or indemnification agreement with respect to the Site.

7.     In consideration of the payments made by the Town for the investigation and remediation of the Site, and subject to the Reopener provision in Paragraph 8 and the Reservation of Rights in Paragraph 9 of this Decree, the State releases and covenants not to sue, execute judgment, or take any civil, judicial or administrative action under any provision of federal or state statutory or common law (other than an action to enforce this Decree) against the Town for any matter arising out of or relating to the Matters Addressed by this Decree (as specified in Paragraph 9 of this Decree), and the Town covenants not to sue, or take any civil, judicial or administrative action under any federal or state law (other than enforcement of this Decree) against the State or its employees, agencies or departments for any matter arising out of or relating to the Matters Addressed by this Decree; provided, however, that if the State, pursuant to the Reopener provision in Paragraph 8 of this Decree, asserts a claim or commences or continues

9

a cause of action against the Town with respect to the Site, this Paragraph 7 shall not preclude the assertion by the Town of any claims, counterclaims, or other causes of action against the State or Settling Defendants, but only to the same extent and for the same matters, transactions or occurrences as are raised in the claims or causes of action of the State or a Settling Defendant.

## REOPENER

8.     Notwithstanding any other provision of this Decree, the State reserves, and this Decree is without prejudice to, the right to institute proceedings, or to issue an administrative order seeking to compel the Town and/or the Settling Defendants listed in Appendix A hereto: (a) to perform further response actions relating to the Site, or (b) to reimburse the State for additional costs of response, but in either case only if:

> (i) conditions at the Site previously unknown to the State are discovered after the Effective Date, or

> (ii) information, in whole or in part previously unknown to the State, is received after the Effective Date,

and these previously unknown conditions or information, together with any other relevant information, indicates that the response measures selected for the Site are not protective of human health or the environment. For purposes of this Reopener, previously known conditions at the Site and previously known information include all conditions and information known to the State as of the Effective Date including, but not limited to, all conditions identified and information contained or submitted for inclusion in the Administrative Record for the Site, or in the files and records of NYSDEC or the Town. The Town and the Settling Defendants listed in Appendix A hereto reserve all their rights, claims and defenses to liability in proceedings or other actions instituted or arising under or pursuant to this Paragraph 8. This Reopener does not

apply to any of the Settling Defendants listed in Appendix B hereto.

## MATTERS ADDRESSED AND RESERVATION OF RIGHTS

9.      Except as specifically reserved in Paragraphs 8 and 12 of this Decree, the State, pursuant to its authority under Sections 104 and 107 of CERCLA, 42 U.S.C. §§ 9604 and 9607, the ECL and common law, is resolving against Settling Defendants and the Town, and the Settling Defendants and the Town are resolving against each other and against the State (a) any and all claims, including but not limited to federal claims under CERCLA, and state claims under the ECL and common law, for response costs, past and/or future, that have been incurred and/or will be incurred for the investigation and remediation of the Site, no matter when or by whom incurred, including any and all response costs incurred by any party to this action, (b) any and all claims for any natural resource damages at or associated with the Site, and (c) any and all other claims or causes of action under any federal, state, local or common law relating to the disposal or alleged disposal of waste materials, including hazardous substances, or any alleged contamination relating to the disposal or alleged disposal of waste materials, including hazardous substances, at the Site (which claims collectively are referred to as "Matters Addressed").

10.     The State and Town agree that the payments being made by the Settling Defendants represent a fair and reasonable contribution by Settling Defendants and all other viable entities, other than the Town, who generated and/or transported waste disposed of at the Site (whether they are now Settling Defendants or will become Settling Defendants in the future pursuant to Paragraph 17 of this Decree) toward the total response costs that have been incurred by the State and the Town, and the total future response costs of the State and the Town that are anticipated, for the implementation of the remedial program set forth in the ROD for the Site including operation and maintenance, and monitoring response costs and all oversight costs.

11

Settling Defendants reserve the right to assert claims for contribution against parties other than the State and the Town or their employees, under Sections 107, 113(f)(1) and 113(f)(3) of CERCLA, 42 U.S.C. §§ 9607, 9613(f)(1) and 9613(0(3), to the extent provided by law, as well as under state or common law.

11.    The payments that already have been made by the Town, together with the reduction of the State's claim to reflect the share of liability potentially allocated to the Town, represent a fair and reasonable contribution by the Town toward the total past response costs that have been incurred by the State and the Town, and the total future response costs of the State and the Town that are anticipated for the implementation of the remedial program set forth in the ROD for the Site, including operation and maintenance and monitoring response costs.

12.    Matters Addressed do not include, and the State reserves all of its rights with regard to, the State's right to bring any action or proceeding against any person, firm, corporation, or other entity other than Settling Defendants and the Town.

## CONTRIBUTION PROTECTION

13.    The Parties agree, and by entering this Decree the Court finds, that the Settling Defendants and the Town, and its Boards, commissioners, executive directors and elected officials, have resolved their liability, including but not limited to liability under CERCLA, to the State and are entitled to the full extent of protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and/or any other applicable federal or state law, for the Matters Addressed by this Decree (as specified in Paragraph 9 of this Decree). Once entered, the Parties further agree, and by entering this Decree the Court finds, that this Decree shall constitute a judicially approved settlement for purposes of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B), and that the Settling Defendants are entitled to seek cost

recovery and/or contribution under Sections 107 and/or 113 of CERCLA, 42 U.S.C. §§ 9607 and/or 9613, to the extent provided by law, as well as under state or common law, from any person except those who are entitled to contribution protection under Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

## EFFECTIVE DATE

14.    The Effective Date of this Decree shall be the date upon which the Decree is entered by the Court. The State shall send notice of the Effective Date to the Settling Defendants by electronic mail as provided in Paragraph 18 of this Decree. All times for performance of activities under this Decree shall be calculated from that date.

## MISCELLANEOUS PROVISIONS

15.    All payments required to be made pursuant to Paragraph 4 of this Decree shall be made by wire transfer, or by certified or cashier's check(s) payable to the "State of New York" and delivered to:

> Todd D. Ommen
> Assistant Attorney General
> New York State Department of Law
> Environment Protection Bureau
> 120 Broadway – 26th Floor
> New York, NY 10271

Any payments and all correspondence related to this Decree must reference CD #10-109.

16.    Nothing in this Decree shall inure to the benefit of any other person or entity not a party to this Decree, except as expressly provided herein.

17.    This Decree may not be modified except by express written agreement of all the Parties and approval by the Court. After judicial entry of this Decree, the Clarkstown Landfill JDG may enter into future settlements and seek to add additional Settling Defendants as signatories to either Appendix A or B. If the State agrees to add such additional Settling

Defendants as signatories to this Decree, the State, the Clarkstown Landfill JDG and the additional Settling Defendant(s) shall formalize the addition of such Settling Defendant(s) through an appropriate joint motion filed with the Court.

18.    Any notification to the Settling Defendants shall be in writing or by electronic mail and shall be deemed properly given on receipt thereof if sent to the following, or to such other person as Settling Defendants may designate by written notice to the State:

> Irv Freilich
> Gibbons P.C.
> One Gateway Center
> Newark, NJ 07102
> ifreilich@gibbonslaw.com
> Telephone No.: (973) 596-4735
>
> and
>
> Gary Justis, Esq.
> Wagstaff & Cartmell LLP
> 4740 Grand Avenue, Suite 300
> Kansas City, MO 64112
> gjustis@wcllp.com
> Telephone No.: (816) 701-1170

19.    The Parties to this Decree agree to be bound by the terms of this Decree and agree not to contest its validity in any subsequent proceeding to implement or enforce its terms.

20.    Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment between and among the State, the Town and the Settling Defendants, and the Complaint shall be dismissed with prejudice (except that the dismissal shall be without prejudice solely as to the enforcement of this Decree and as to matters arising under the Reopener provision in Paragraph 8 of this Decree).

14

STATE OF NEW YORK and COMMISSIONER OF
THE NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

Dated: 1-14-11

By: _____

Todd D. Ommen
Assistant Attorney General
Environmental Protection Bureau
120 Broadway
New York, NY 10271

15

Party Name:

TOWN OF CLARKSTOWN, NEW YORK

Dated; _____    By: _____

Name: Alexander J. Gromack

Title: Supervisor

Party Name:

ALLIED WASTE NORTH AMERICA, INC.
FOR ITSELF AND ITS SUBSIDIARIES,
INCLUDING, WITHOUT LIMITATION,
AMERICAN DISPOSAL SERVICES OF NEW
JERSEY, INC. AND BFI WASTE SYSTEMS
OF NEW JERSEY, INC., AND INSOFAR AS
IT AND ITS SUBSIDIARIES ARE ALLEGED
TO BE A SUCCESSOR TO VINCENT
IPPOLITO, INC. AND ROUND LAKE
SANITATION CORP.

Dated: 11/22/2010

By: _____

Name: Tim M. Benter

Title: Vice President

16

Party Name:

AMERTAC FOR ITSELF AND AMERTAC
HOLDINGS, INC., AMERICAN TACK &
HARDWARE CO., INC., AND AT&H CO.,
INC.

Dated: _23 NOV 10_

By: _____

Name: _Salvatore F Mica_

Title: _CEO_

16

Party Name:

AVERY DENNISON CORPORATION

Dated: _November 24 2010_    By: _Timothy E. Leahy_

Name: _Timothy Leahy_

Title: _VP, EHS_

Party Name:

BARR LABORATORIES, INC.

Dated: _November 19, 2010_

By: _Erella Dimentstein_
Name: _Erella Dimentstein_
Title: _Sr. Director EH&S_

Dated: _11/19/10_

By: _[signature]_
Name: _Deborah Griffin_
Title: _Vice President & Chief Financial Officer_

16

Party Name: BECTON DICKINSON AND COMPANY

[SETTLING DEFENDANT]

Dated; December 1, 2010

By: _Mark G. Curbone_____

Name: Richard A. Curbone

Title: Assistant Secretary

16

Party Name:

BOROUGH OF RINGWOOD

Dated;  _11/23/2010_

By: _____

Name:  __THEODORE TAUKUS__

Title:  __MAYOR__

Attest:

SUSAN ROHDIECK, Deputy
Borough Clerk

16

Party Name:

CHROMALLOY NEW YORK, DIV. OF
CHROMALLOY GAS TURBINE CORP.

Dated: 1-23-10

By: _____
Name: _____Vice President_____
Title: _____Steven R. Carter_____

16

Party Name: CLARKSTOWN CENTRAL SCHOOL DISTRICT

[SETTLING DEFENDANT]

Dated; 12/01/2010

By: _____ VP

Name: Doug Katz

Title: Clarkstown BOE Vice-President

16

Party Name:    Consolidated Rail Corporation

[SETTLING DEFENDANT]

Dated;  11/29/10                    By: _____
                                   Name:  Jonathan M. Broder
                                   Title:  Vice President—Corporate Development and
                                           Chief Legal Officer

16

Party Name:

COSCO INDUSTRIES INC.

Dated: _11/24/10_          By: _____

Name: _GREGORY W JACKSON_

Title: _VICE PRESIDENT_

16

Party Name:   County Asphalt, Inc.

[SETTLING DEFENDANT]

Dated; __12/3/10__          By: _Michael Cooney_
                            Name: __Michael Cooney__
                            Title: __Authorized Agent__

16

Party Name:    County of Rockland Highway Dept.
Rockland County Sewer District No. 1

[SETTLING DEFENDANT]

Dated; 12 | 1 | 10

By: _____
Name: <u>C. Scott Vanderhoef</u>
Title: <u>County Executive</u>

16

Party Name: _Evonik Degussa Corporation as successor to Dynamit Nobel of America_

[SETTLING DEFENDANT]

Dated; _11/23/10_

By: _[signature]_

Name: _JOHN WNEK_

Title: _Vice President Environment, Health & Safety Evonik Degussa Corporation._

16

Party Name:  <u>Fisher Scientific Company L.L.C., by its
Manager and Sole Member, Fisher Scientific
International Inc.</u>

Dated: 10/15/10

By: Maura A. Spellman
Assistant Treasurer

Party Name:

FORD MOTOR CO.

Dated: 12/9/10

By: _____

Name: ___Louis J. Ghilardi___

Title: ___Assistant Secretary___

16

Party Name: Gannett Satellite Information Network, Inc. d/b/a The Journal News

[SETTLING DEFENDANT]

Dated: Nov 19 2010

By: _Todd Mayman_

Name: Todd Mayman

Title: Secretary

16

Party Name:

[SETTLING DEFENDANT]
HOLT CONSTRUCTION CORP.

Dated; __November 22, 2010__    By: _____

                             Name: __Jack F. Holt__
                             Title: __CEO__

16

Party Name:

INNOVATIVE PLASTICS CORPORATION

Dated: _11/22/10_     By: _Judith Dunham_
                      Name: _Judith Hershaft_
                      Title: _President_

16

Party Name: _International Paper Company_

[SETTLING DEFENDANT]

Dated; _12/3/10_

By: _____

Name: _Steven J. Ginski_

Title: _Chief Counsel - Health, Safety + Remediation_

11/8/10

Party Name:

J. FLETCHER CREAMER & SON, INC.

Dated: 11|17|10

By: _____

Name: J. Fletcher Creamer, Jr.

Title: CEO

16

Case 7:11-cv-00293-KMK-JCM    Document 4    Filed 03/21/11    Page 37 of 76

Party Name:

MARTIN MARIETTA MATERIALS, INC.

Dated:  January 7, 2011          By:  _Roselyn Bar_____
                                      Name: Roselyn R. Bar
                                      Title:  Senior Vice President, General
                                              Counsel and Corporate Secretary

16

Party Name:

METAL IMPROVEMENT COMPANY, LLC
(F/K/A METAL IMPROVEMENT COMPANY,
INC.)

Dated: November 17, 2010          By: _____
                                  Name: James Ruscin
                                  Title: Senior Vice President

16

Party Name:

MOMENTIVE SPECIALTY CHEMICALS INC.
(f/k/a Borden Chemicals, Inc.)

Dated: 11/30/2010

By: _C. Richard Springor_
Name: _C RICHARD SPRINGOR_
Title: _VICE PRESIDENT EHS - AMERICAS_

16

Party Name:

NANUET UNION FREE SCHOOL DISTRICT

Dated: 10/2/2010

By: _Mario Spagnolo_

Name: _Mario Spagnolo_

Title: _School Attorney_

16

Party Name:

NESTLE WATERS NORTH AMERICA INC.

Dated: November 22, 2010

By: _____

Name: _____ J. Mark Evans _____

Title: _____ EXECUTIVE VICE-PRESIDENT _____

16

Party Name:

NOVARTIS CORPORATION (F/K/A CIBA-
GEIGY CORPORATION) ON BEHALF OF
ITSELF, ITS PREDECESSORS AND ITS PAST
AND CURRENT AFFILIATES, INCLUDING
BUT NOT LIMITED TO SANDOZ
PHARMACUETICALS CORPORATION,
SANDOZ CHEMICALS CORPORATION,
CLARIANT CORPORATION, CIBA
CORPORATION, GEIGY CHEMICAL
CORPORATION, SYNGENTA CROP
PROTECTION, INC. AND NOVARTIS
PHARMACUTICALS CORPORATION

Dated: _____        By: _____
                                  Name: <u>Robert Pelzer</u>
                                  Title: <u>President and Head of Legal Affairs</u>

16

Party Name:

NYACK HOSPITAL [a Settling Defendant]

Dated:  November 18, 2010          By: _____

                                       Name: David Freed
                                       Title: President & CEO

Party Name:

NYACK UNION FREE SCHOOL DISTRICT

Dated: 12|6|10

By: _____

Name: Michael P. Lagana

Title: President, BOE-Nyack

Party Name: ORANGE & ROCKLAND UTILITIES, INC.

[SETTLING DEFENDANT]

Dated; _____11/24/2010_____     By: _____

Name: ___Elizabeth D. Moore___

Title: ___General Counsel___

16

Party Name:

PEARL RIVER SCHOOL DISTRICT

Dated: _11/30/10_

By: _____

Name: _Dr. Frank V. Auriemma_

Title: _Supt._

16

RECEIVED  11/24/2010 11:20    7324494483              PLAST-CLAD METAL

3095        GIORDANO HALLERAN                    11:22:56 a.m.    11-24-2010        2 /2

Party Name:

PLASTI-CLAD METAL PRODUCTS, INC.

Dated: _11/23/10_            By: _____
                            Name: _Mark Matthews_
                            Title: _President_

Party Name:

PEARSON EDUCATION, INC. (F/K/A
PRENTICE HALL, INC.)

Dated:  11/30/10

By:  _GR Costello_____
Name:  _George B. Costello_____
Title:  _Vice President_____

Party Name:

Pfizer Inc. for itself and its subsidiaries
Including, without limitation, Wyeth
Holdings Corporation acting through
Wyeth Pharmaceuticals
(Lederle Laboratories)

Dated: November 24, 2010    By: _____

Name: Michael G. Mahoney

Title: Assistant General Counsel

Party Name:

PULSAFEEDER, INC.

Dated:  _11/22/10_

By:  _____

Name:  RICK KENNEDY

Title:  OUTSIDE COUNSEL

Party Name:

RAMAPO CENTRAL SCHOOL DISTRICT

Dated: _12_/_08_/_2010_

By: _____

Name: _Robert MacNaughton, Ph.D._

Title: _Superintendent of Schools_

16

Party Name:

SANITARY WASTE CARRIERS, INC.

Dated: _11/17/10_        By: _____

Name: _Frank Sencke_

Title: _Senior Vice President_

16

Party Name:

SEARS, ROEBUCK AND CO.

Dated: _11/24/10_          By: _____
                          Name: _DIANA HSU_
                          Title: _Assistant General Counsel,_

Party Name:

SOUTH ORANGETOWN CENTRAL SCHOOL
DISTRICT

Dated: _11 - 30 - 16_

By: _____

Name: _Kenneth Mitchell_

Title: _Superintendent_

16

Party Name: Suburban Carting Corp.

[SETTLING DEFENDANT]

Dated; ___11/30/10___

By: ___Thms Milo___
Name: ___Thomas Milo___
Title: ___Indemnitor ___*

*Thomas Milo, pursuant to Section
8(a)(ii) of a Settlement Agreement
dated June, 2005, as amended,
agreed to tender a defense and
indemnity to Suburban Carting Corp.
and has executed this Consent
Decree on its behalf in his Capacity
as Indemnitor.

16

Party Name:

THALLE CONSTRUCTION CO.

Dated: _11-23-10_                    By: _____
                                     Name: _William May_
                                     Title: _Treasurer_

Party Name:

TOWN OF GREENBURGH, NEW YORK

Dated: _____    By: _____

Name: _Paul Feiner_

Title: _Supervisor, Town of Greenburgh_

Party Name:

TOWN OF ORANGETOWN, NEW YORK

Dated: _____     By: _____

PAUL G. WHALEN, Supervisor

Party Name: *Uneeda Enterprizes, Inc.*

[SETTLING DEFENDANT]

Dated; *Nov. 18, 2010*

By: _____

Name: *Bruce Fuchs*

Title: *President*

16

Party Name: *United Water New Jersey Inc.*

[SETTLING DEFENDANT]

Dated; *December 13, 2010*     By: _Robert A. Gerber_____

Name: *Robert A. Gerber*

Title: *Vice President, General Counsel and Secretary*

16

Party Name: *United Water New York Inc.*

[SETTLING DEFENDANT]

Dated: *December 13, 2010*    By: *Michael J. Pointing*
Name: *Michael J. Pointin*
Title: *Vice President and General Manager*

16

Party Name:

VALE INCO AMERICAS INC.

Dated: _Nov. 29/10_  .      By: _____

Name: _Carl DeLuca_ .

Title: _Secretary_ .

Party Name:

[SETTLING DEFENDANT]

Dated; _11/18/10_     By: _Verizon New York Inc_
                          Name: _____
                          Title: _Director_

16

Party Name:

VILLAGE OF ARDSLEY, NEW YORK

Dated: 11/17/10

By: _Robert Thompson_

Name: _ROBERT J. POWELL, ESQ_

Title: _Ardsley Village Attorney_

16

Party Name:

VILLAGE OF DOBBS FERRY, NEW YORK

Dated: _11/30/10_

By: _____

Name: _Darius P. Chafizadeh_

Title: _Attorney for Village_

16

Party Name:

VILLAGE OF ELMSFORD, NEW YORK

Dated: November 17, 2010        By: _____

                        Name:  Robert Williams
                        Title:   Mayor

16

Party Name:

VILLAGE OF HASTINGS-ON-HUDSON, NEW YORK

Dated: 11-19-10

By: _____
Name: MARIANNE STECICH
Title: VILLAGE ATTORNEY

16

Party Name:

VILLAGE OF IRVINGTON, NEW YORK

Dated: 11-19-10

By: _____

Name: MARIANNE STECICH

Title: VILLAGE ATTORNEY

16

Party Name:

VOLKSWAGEN GROUP OF AMERICA, INC.

Dated: 11/24/10

By: A.y M. Cooke

Name: ANTHONY M. Cooke

Title: Assistant General Counsel
Product and Regulatory Matters

16

Party Name:

WASTE MANAGEMENT OF NEW YORK,
LLC AND MARANGI BROS., INC.

Dated: <u>December 2, 2010</u>

By: _____

Name: <u>Stephen T. Joyce</u>

Title: <u>Group Director-CSMG</u>

Party Name:

WIKOFF COLOR CORP.

Dated: November 19, 2010          By: _____

                                      Name: M. B. Rorie
                                      Title:   Vice President - Finance

16

ORDERED, ADJUDGED AND DECREED this 21st day of March _____ ,

2010

_____

U.S.D.J.

17

APPENDIX A – SETTLING DEFENDANTS SUBJECT TO REOPENER PROVISION

Allied Waste North America, Inc. for itself and its subsidiaries, including, without limitation, American Disposal Services of New Jersey, Inc. and BFI Waste Systems of New Jersey, Inc., and insofar as it and its subsidiaries are alleged to be a successor to Vincent Ippolito, Inc. and Round Lake Sanitation Corp.

Barr Laboratories, Inc.

Chromalloy New York, Division of Chromalloy Gas Turbine Corporation

Clarkstown Central School District

County Asphalt, Inc.

County of Rockland Highway Department

Evonik Degussa Corporation as successor to Dynamit Nobel of America

Fisher Scientific Company LLC

Ford Motor Company

Gannett Satellite Information Network, Inc., d/b/a The Journal News

International Paper Company

Metal Improvement Company, LLC (f/k/a Metal Improvement Company, Inc.)

Momentive Specialty Chemicals, Inc. (f/k/a Borden Chemical, Inc.)

Nyack Hospital

Orange and Rockland Utilities, Inc.

Pfizer Inc. for itself and its subsidiaries including, without limitation, Wyeth Holding Corporation acting through Wyeth Pharmaceuticals (Lederle Laboratories)

Rockland County Sewer District No. 1

Sanitary Waste Carriers, Inc.

Town of Orangetown, New York

United Water New Jersey Inc.

United Water New York Inc.

Waste Management of New York, LLC and Marangi Bros., Inc.

Wikoff Color Corporation

2

## APPENDIX B – SETTLING DEFENDANTS NOT SUBJECT TO REOPENER PROVISIONS

AmerTac for itself and AmerTac Holdings, Inc., American Tack & Hardware Co., Inc. and AT&H Co., Inc.

Avery Dennison Corporation

Becton, Dickinson and Company

Borough of Ringwood, New Jersey

Consolidated Rail Corporation

Cosco Industries Inc.

Holt Construction Corporation

Innovative Plastics Corporation

J. Fletcher Creamer & Son, Inc.

Martin Marietta Materials, Inc.

Nanuet Union Free School District

Nestle Waters North America Inc.

Novartis Corporation (f/k/a Ciba-Geigy Corporation)

Nyack Union Free School District

Pearl River School District

Plasti-Clad Metal Products, Inc.

Pearson Education, Inc. (f/k/a Prentice Hall, Inc.)

Pulsafeeder, Inc.

Ramapo Central School District

Sears, Roebuck and Co.

South Orangetown Central School District

Suburban Carting Corp.

Thalle Construction Co.

Town of Greenburgh, New York

Uneeda Enterprizes, Inc.

Vale Inco Americas Inc.

Verizon New York Inc.

Village of Ardsley, New York

Village of Dobbs Ferry, New York

Village of Elmsford, New York

Village of Hastings-on-Hudson, New York

Village of Irvington, New York

Volkswagen Group of America, Inc.